Allen Lichtenstein, Bar No. 3992
Margaret A. McLetchie, Bar No. 10931
Lee Rowland, Bar No. 10209
Judy C. Cox, Bar No. 11093
**ACLU OF NEVADA**
732 S. Sixth Street, Suite 200A
Las Vegas, NV 89101
(702) 366-1536
cox@aclunv.org
*Attorneys for Plaintiffs*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Suzette Banasik, and William Jablonski, <br><br> Plaintiffs, <br><br> v. <br><br> Clark County, Nevada; David Roger (in his official capacity as District Attorney for Clark County); Las Vegas Metropolitan Police Department; Sheriff Douglas Gillespie (individually and in his official capacity as Sheriff of the Las Vegas Metropolitan Police Department); Las Vegas Metropolitan Police Department Officers Contreras (Badge Number 9316), Goris (Badge Number 7520), Hanigan (Badge Number 3518)(in their individual capacities); and Catherine Cortez Masto (in her official capacity as Attorney General of Nevada). <br><br> Defendants. | **42 U.S.C. § 1983 COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND DAMAGES** <br><br>--- <br><br> **JURY TRIAL DEMANDED** |

Come now the Plaintiffs, Suzette Banasik, and William Jablonski, by and through the undersigned attorneys, and file this Complaint for injunctive relief, declaratory relief, and damages. This is an action under 42 U.S.C. § 1983 to address the unconstitutional policy and

-1-

COMPLAINT

practice of the Las Vegas Metropolitan Police Department ("Metro") and its officers to violate the First Amendment rights of street performers as well as the unconstitutionality and unlawfulness of certain provisions of the Nevada Revised Statute ("NRS") and the Clark County Code.  Based upon the clear constitutional violations and Defendants' willful and deliberate violations of the law, Plaintiffs seek a permanent injunction, declaratory relief and should be awarded damages, costs, attorneys' fees, and any other relief to which they are entitled as victims of civil rights violations.

## NATURE OF THE ACTION

As alleged with greater particularity below, Plaintiffs allege that Metro's policy and practice of harassing street performers, along with the challenged statutes and county codes, violate the free speech, due process, and equal protection provisions of the U.S. and Nevada constitutions and amount to unconstitutional restraints on personal speech and expression. Metro police officers routinely harass street performers and apply non-applicable and unconstitutional laws to street performers who are performing on the sidewalks along the Las Vegas Strip.  Police officers have ticketed and/or arrested street performers for such violations as operating a business without a license, begging/soliciting alms, obstructing the sidewalk, storing materials on the sidewalk, disorderly conduct, obscene materials, and being a public nuisance.  The habitual harassment and application of these inapplicable laws against street performers, including Plaintiffs, by Metro violates Plaintiffs' free speech, due process, and equal protection rights and constitutes a policy and practice of deliberate and willful, or at best, gross negligent disregard for the law and Plaintiffs' constitutionally protected rights to exercise their right to free expression on the Strip, a public forum.

////

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

## I.      JURISDICTION

1. This Court has original subject matter jurisdiction over the federal Constitutional violations alleged in this Complaint pursuant to the provisions of 42 U.S.C. § 1983 and 28 U.S.C. §§ 1331 and 1343.   Pursuant to 28 U.S.C. §1367(a), this Court has supplemental jurisdiction over Plaintiffs' state law claims.   This Court has jurisdiction to issue injunctive and declaratory relief pursuant to 28 U.S.C. § 2201 and 42 U. S.C. § 1983.

2. Venue is proper in the District of Nevada pursuant to 28 U.S.C. §1391.   All parties reside in Nevada, and all actions pertinent to this complaint occurred in Clark County, Nevada.

## II.     PARTIES

3. Plaintiff Suzette Banasik (formerly known as Suzette Spagnolo) is a resident of Clark County, Nevada.   Ms. Banasik is a musician and loves playing music for others.   She plays the guitar and sings in public places in and around Clark County, including the Strip.   On more than one occasion police officers from the Las Vegas Metropolitan Police Department ("Metro") have told her that she cannot play and sing on the sidewalks of the Las Vegas Strip.   Metro officers have issued tickets to Ms. Banasik and even arrested her for singing and playing guitar on the sidewalk adjacent to the Las Vegas Strip.

4. Plaintiff William Jablonski is a resident of Clark County, Nevada.   He dresses as Elvis Presley, plays the guitar, and sings in public places in and around Clark County.   He has always been told he looks like Elvis, a hero of his, and he enjoys making people happy by impersonating Elvis for them.   He frequently performs on the sidewalks of the Las Vegas Strip and poses for pictures with tourists.   On more than one occasion police officers from the Las Vegas Metropolitan Police Department ("Metro") have told Mr. Jablonski that he cannot

-3-

perform on the sidewalks of the Las Vegas Strip.  Metro officers have issued tickets to him for

performing on the sidewalk adjacent to the Las Vegas Strip.

5. Defendant Clark County Commission is a political entity authorized as a service

delivery organization for the governance of Clark County, Nevada, and makes policy for

unincorporated areas of the county.  The Clark County Commissioners are sued in their official

capacity, and Clark County and the Commissioners are collectively referred to herein as the

"Clark County."

6. Defendant David Roger is the District Attorney for Clark County, Nevada.  He is

vested with the authority to prosecute violations of both Nevada statutory law and Clark County

Code.  Defendant Roger is sued in his official capacity.

7. Defendant Las Vegas Metropolitan Police Department ("Metro") is a governmental

agency of Clark County and the City of Las Vegas with jurisdiction over the unincorporated

parts of Clark County and is tasked with enforcing the Clark County Code, as well as Nevada

statutory law.  Metro engages in a policy and practice of deliberate indifference toward the

constitutional rights of persons engaging in free speech activities on the Strip.  Furthermore,

despite numerous law suits regarding First Amendment rights of persons using the sidewalk

along the Strip, Metro has failed to train its officers to adequately protect those rights.

8. Defendant Douglas Gillespie is Sheriff of the Las Vegas Metropolitan Police

Department ("Metro").  Defendant Gillespie and all Metro police officers are vested with

authority to enforce both Nevada statutory law and Clark County Codes.  Defendant Gillespie

has final policymaking authority for internal policies and is vested supervisory authority over all

Metro officers.  Defendant Gillespie is aware of, and has either implicitly or explicitly condoned

or created a policy and practice of deliberate indifference toward the constitutional rights of

-4-

persons engaging in free speech activities on the Strip.  Furthermore, Sheriff Gillespie has failed to train his officers to adequately protect those rights.  Sheriff Gillespie is sued in his individual and official capacity.

9. Defendant Catherine Cortez Masto is the Attorney General of the State of Nevada.  In her official capacity, Ms. Masto is vested with the authority to enforce Nevada statutory law. Defendant Masto is sued in her official capacity.

10.    Metro Officers Contreras, Goris, and Hanigan are vested with authority to enforce both Nevada statutory law and Clark County Codes.  The officers are each sued in their individual capacity.

## III.    STANDING

11.    All Plaintiffs are directly affected by Metro's application of the challenged Clark County Codes and the Nevada statute because these laws have either been applied against one of the Plaintiffs, or the Plaintiffs have knowledge of their application against other street performers and such knowledge has had a chilling effect on Plaintiffs' First Amendment activities.  The challenged laws are: Clark County Code 6.56.030 (operating a business without a license); Clark County Code 12.32.020 (vagrancy); Clark County Code 12.32.020(d) (begging/soliciting alms); Clark County Code 16.11.070 (storing materials on a public sidewalk); Clark County Code 16.11.020 (obstructing a public sidewalk); Clark County Code 12.33.010 (disorderly conduct); Clark County Code 11.04.020 (obscene materials), and Nevada Revised Statute ("NRS") 202.450(3) (public nuisance). The enforcement, or credible fear of enforcement, of these laws against Plaintiffs Ms. Banasik and Mr. Jablonski, as well as the deterring effect of potential future enforcement against them, have caused a violation of

-5-

Plaintiffs' rights under the U.S. and Nevada Constitutions.  Thus, the requirements for Article III standing have been met.

**IV.     GENERAL ALLEGATIONS**

12.    The portion of Las Vegas Boulevard South between Russell Road and Sahara Avenue is commonly referred to as "the Strip" or "the Las Vegas Strip."  This area is just over three and a half miles long and is located within the unincorporated parts of Clark County. Many of the largest hotel and casino properties in the world are located on the Strip and millions of visitors from all over the world come to stay and play on the Strip.

13.    The Clark County Code applies to all areas of unincorporated Clark County, Nevada.

14.    The Las Vegas Metropolitan Police Department is a governmental agency with jurisdiction over the unincorporated parts of Clark County and is tasked with enforcing the Clark County Code, as well as Nevada statutory law.

15.    The term "street performer" is used in many areas of the English-speaking world to describe individuals who display their artistic talents in public places.  Street performers are also known as a "street artists," "street musicians" or "buskers."  Street performers may play one or more musical instruments, sing and dance, or do acrobatics, balloon modeling, card tricks, clowning, comedy, contortions, fortune-telling, juggling, magic, miming, puppeteering, storytelling or recite poetry or prose as a bard.  Street performers perform for a variety of reasons, such as for money, for fun, for public attention, to socialize or meet people, for the love of their art, or to practice their skills or try out new material in front of an audience.  Street

-6-

performers are a common feature of vibrant city thoroughfares like The Strip, and many famous musicians began their careers as street performers.

### a.  SUZETTE BANASIK

16.     Plaintiff Suzette Banasik is a street musician who plays her guitar in public places in and around Clark County, Nevada including on the Las Vegas Strip.  As a general practice, she stands next to her open guitar case while she plays.  Sometimes passersby throw money into the case.  Ms. Banasik does not ask for, or solicit tips, but does accept tips that are placed in her guitar case.  Within the past year, she has had several encounters with Metro while performing on the sidewalks of the Las Vegas Strip, and Metro officers have repeatedly told her to get off the Strip.

17.     On July 28, 2008, Ms. Banasik was standing on the sidewalk playing the guitar in front of the Wynn Hotel and Casino.  Ms. Banasik was standing in an area where there was plenty of room for pedestrians to pass by, and she was not standing near any of the hotel entrances and there were no bus stops or public toilets nearby.  A Metro officer approached her and told her that she could not play the guitar on the sidewalk because it was considered soliciting alms.  Once she had packed up her belongings, he told her to leave the area.  Ms. Banasik complied with the officer's request and no citation was issued.

18.     On December 1, 2008 at approximately 2:15 p.m., Ms. Banasik was standing against the fence on the sidewalk in front of the Mirage Hotel on Las Vegas Boulevard playing her guitar.  Ms. Banasik was not standing near any of the hotel entrances and there were no bus stops or public toilets nearby.  This area of the sidewalk between the Mirage Hotel and the Strip is nearly twenty feet wide. It is bordered by a chain-link fence on the Mirage Property.  Ms.

-7-

Banasik was leaning against the fence and had placed her backpack and opened guitar case on the sidewalk against the fence.

19.      At approximately 2:40 p.m., a Las Vegas Metropolitan Police Department bike patrol officer approached Ms. Banasik and told her that she could not play music on the sidewalk and that she would have to leave the area.  When she refused to leave, the officer issued a citation.

20.      Ms. Banasik was cited for violating Nevada Revised Statute 207.030 (vagrancy); Clark County Code 12.32.020(d) (begging/soliciting alms); Nevada Revised Statute 202.450 (public nuisance); and Clark County Code 11.04.020 (obscene materials).  The citation number is 1-04274188A and the issuing officer's name appears to be Hanigan, with a badge number of 3510.

21.      As of this date, no charges have been filed against Ms. Banasik stemming from this citation.

22.      On March 12, 2009, Ms. Banasik and another street performer were playing music together on the pedestrian walkway bridge between Bally's Hotel & Casino and Bill's Gamblin' Hall & Saloon.  They were approached by two Metro officers who told them that their activity was not permitted and that they would be arrested if they did not leave the area.  The officers began to write them a citation for operating a business without a license and obstructing the sidewalk.  Ms. Banasik decided to take pictures of the area to prove that they were not obstructing the sidewalk.  At that time, the officers placed both Ms. Banasik and the other street performer under arrest.

23.      Ms. Banasik was arrested for obstructing the sidewalk in violation of Clark County Code 16.11.020 and operating a business without a license in violation of Clark County

-8-

Code 06.56.030.  The event number associated with Ms. Banasik's arrest is 090312-3911.  The arresting officers' last names appear to be Contreras and Goris and the badge numbers are 9316 and 7520 respectively.

24.    In late April 2009, Ms. Banasik received a letter from the District Attorney's office stating that no charges would be filed stemming from her arrest on March 12, 2009. The letter is marked D.A. File No. 09M11036X.

### b. WILLIAM JABLONSKI

25.    William Jablonski is a street performer who impersonates Elvis.  He carries a guitar and also plays and sings Elvis songs.  Tourists often ask Mr. Jablonski if they can have their pictures taken with him, and sometimes they place unsolicited tips in his guitar.    In addition to performing in public areas, Mr. Jablonski has performed in casinos and other venues in Nevada, Georgia, Texas, and Tennessee. He performed at an Elvis tribute at the MGM Hotel & Casino that was televised worldwide in November of 2006.

26.    In or around August 2007, Mr. Jablonski received a citation for obstructing the sidewalk while he was performing as Elvis on the sidewalk along the Strip.  A copy of the citation is not available from the Metro Records Office.  Because of this incident, Mr. Jablonski stopped dressing up us Elvis and going down to the Strip because he was worried about receiving another citation.  Even though Mr. Jablonski and his wife had considered moving back to Georgia, where he knew that he could dress as Elvis and pose for pictures without any trouble from police officers, they stayed in Las Vegas because they knew the city had a year and a day to prosecute the charges and Mr. Jablonski did not want to leave the city with a citation outstanding.

////

-9-

27.     In April of 2009 Mr. Jablonski read an article in the Las Vegas Review-Journal discussing the recent decision in *ACLU of Nevada et. al, v. City of Las Vegas, et. al*, 2:97-cv-01419 (D. Nev. 2009) which discussed First Amendment rights at the Fremont Street Experience.  This article renewed Mr. Jablonski's conviction that it was legal to perform as Elvis and pose for pictures on the Strip, so he proceeded to go to the Strip dressed as Elvis and pose for pictures.

28.     On April 23, 2009 at approximately 1:30 p.m., Mr. Jablonski was impersonating Elvis while standing on the sidewalk in front of the Paris Hotel and Casino when he was approached by Metro officer, Michael Andrews.  Officer Andrews told Mr. Jablonski that he could not be on the sidewalk posing for pictures and accepting tips.  Mr. Jablonski told the officer that he believed it was his legal right to be there.  Officer Andrews threatened Mr. Jablonski with jail, but when Mr. Jablonski asked the officer what ordinance or state law he was violating so that he could call his attorney and resolve the matter, Officer Andrews told him that he would not write a citation.

29.     On April 30, 2009, at approximately 3:00 p.m., Mr. Jablonski was standing approximately five feet from the curve in front of the Paris Hotel and Casino when security guards came out and asked him why he was on their property.  Soon after, Officer Andrews along with five other officers approached Mr. Jablonski and told him that he could not be there.  In an attempt to express his rights, Mr. Jablonski showed the officers a copy of the final order in the recent case regarding the Freemont Street Experience, *ACLU of Nevada et. al, v. City of Las Vegas, et. al*, 2:97-cv-01419 (D. Nev. 2009), a case that declared that a blanket ban on solicitation and the ordinance prohibiting tabling and vending without first obtaining a license as facially unconstitutional and in violation of the First Amendment in a public forum.  After

-10-

COMPLAINT

some deliberation over whether the case only applied to the Freemont Street Experience, the officers informed Mr. Jablonski that he could be there as long as he stayed three feet from the curb.  However, the officers also told Mr. Jablonski that because he accepts tips that he was in violation of Clark County Code 656.030 for operating a business without a license.

30.     The following morning, Mr. Jablonski called the licensing department of Clark County to see if he could get a license.  The woman on the phone told him that they do not offer licenses for what he does and that what he was doing was illegal.

31.     On Saturday, June 27, 2009 at approximately 8:00 p.m., Mr. Jablonski was outside of the Miracle Mile right before the Paris Hotel driveway.  Mr. Jablonski has noticed that hand-billers and street preachers meet there and believed he would not be bothered.  However, he was approached by five police officers from the Las Vegas Metropolitan Police Department who announced that they saw a tourist give Mr. Jablonski a dollar and told Mr. Jablonski that he could not be there.  When Mr. Jablonski asked the officers to give him their name and badge numbers, one officer replied that he would give him his name and badge number on a ticket.  Mr. Jablonski told the officer that was fine; he would take the ticket to his lawyer.

32.     When the group of officers and Mr. Jablonski were approached by a sergeant, the sergeant was willing to listen to Mr. Jablonski as he explained his rights.  After Mr. Jablonski told the officers that he believed it was in his right to be there, the sergeant told Mr. Jablonski that they would take a vote and see whether he should receive a ticket.  Two of the officers said that Mr. Jablonski should not be cited, and three of the officers said that he should be cited.  The sergeant said he outranked them, so his vote was worth more and they were not going to write him a ticket.  After this, the first officer shook his hand, and they allowed him to stay out there.

-11-

COMPLAINT

However, neither the sergeant nor the officers identified themselves to Mr. Jablonski by name or badge number.

### c.  ILLEGAL HARASMENT OF STREET PERFORMERS

33.     The repeated use of clearly inapplicable laws to harass and intimidate street performers on the Strip is part of the policy and practice of Metro to prevent street performers from performing on the Strip.

34.     Upon information and belief, Metro officers, under the direction of, or with the knowledge of, Sheriff Gillespie intentionally apply inapplicable laws to street performers in order to keep them off the sidewalks of the Strip upon the request of, or in order to appease, the various security officials of the Strip hotel and casino properties.

35.     Upon information and belief, Metro targets street performers while allowing others, such as hand-billers and street preachers to utilize the same areas it excludes street performers from.

36.     Upon information and belief, Metro officers have issued citations to other street performers for violating Clark County Code 06.56.030 (doing business without a license); Clark County Code 12.32.020 (vagrancy); 12.32.020(d) (begging/soliciting alms); Clark County Code 16.11.070 (storing materials on a public sidewalk); and Clark County Code 12.33.010 (disorderly conduct).

37.     Ms. Banasik is aware of other street performers who have been charged with Clark County Code 12.33.010 (disorderly conduct) and Clark County Code 16.11.070 (storing materials on a public sidewalk) and is fearful that these laws could be applied against her as well.

////

-12-

#### d.  THE IMPERMISSIBLE REGULATORY SCHEME

38.     Metro's enforcement of Clark County Code  06.56.030 (doing business with a license) along with the other relevant portions of Clark County Code Title 6 (Business Licenses); Clark County Code  12.32.020 (Vagrancy); 12.32.020(d) (begging/soliciting alms); Clark County Code  16.11.070 (storing materials on a public sidewalk); Clark County Code 16.11.020 (obstructing a sidewalk); Clark County Code  12.33.010 (disorderly conduct); Clark County Code  11.04.020 (public nuisance); and Nevada Revised Statute 202.450(3) (public nuisance) constitutes an impermissible regulatory scheme that infringes on Plaintiffs' exercise of free speech.  These laws are not only unconstitutional as applied to the Plaintiffs herein, but often are completely inapplicable to the activities that the Plaintiffs are participating in, thus showing the City's intention is to chill the Plaintiffs' speech activities by threatening them with these laws.  Citations are often written, Plaintiffs have been arrested and held in jail, but later the Plaintiffs' receive letters stating that charges have been dropped.

39.      Writing citations for Clark County Code  06.56.030 (doing business without a license) is not only inapplicable to the activities of the street performers, it also infringes on their right of free expression because Clark County offers no license for such activity, and even if it were to create such a license, the licensing scheme under 6.04; 6.08; 6.10; 6.12; and 6.56 are unconstitutional as applied to them because the licensing scheme is a prior restraint on speech and given nearly unfettered discretion to Clark County Business License Department to allow or disallow expression.

40.     Clark County Code 12.32.020 (vagrancy) is unconstitutional as applied to street performers because artistic expression in a public forum is not an act of vagrancy.

-13-

41.     Clark County Code 12.32.020(d) (begging/soliciting alms) is facially unconstitutional because it makes it illegal to approach anyone in a public place for the purpose of begging or soliciting alms.   Solicitation is an activity that is protected by the First Amendment.  Further, it is inapplicable as applied to the Plaintiffs who do not approach anyone for money.  As noted above, the Plaintiffs simply play guitar and sing, or dress as Elvis for pictures and only accept tips when they are offered by passersby.

42.     Clark County Code 16.11.020 (obstructing a public sidewalk) is not applicable unless the sidewalks are actually obstructed.  Plaintiffs have been harassed and ticketed or arrested by officers for obstructing the sidewalk when they were standing on the edge of a twenty foot wide walkway, leaving plenty of room for pedestrians to pass by. This code is unconstitutional as applied to Plaintiffs.

43.     Clark County Code 16.11.070 (storing materials on a public sidewalk) has been used against Plaintiffs for putting their guitar cases and backpacks on the ground while the Plaintiffs play and sing on the Strip, even though the ordinance explicitly states that it does not apply to items that are actually carried by the person.  As applied, anyone who stopped to rest for a moment and placed a bag down on the sidewalk could be written a ticket.  This chapter is facially unconstitutional because it conflicts with Clark County Code 16.11.020 as it creates a per se obstruction violation and can be used to ban First Amendment speech activities.

44.     Clark County Code 12.33.010 (disorderly conduct) has been applied to street performers who have sung songs with erotic or racy lyrics.  This part of the code is facially unconstitutional because it is vague and overbroad.  The application of this law is subject to the viewpoint of the Metro officer applying it.  Street performers' songs are protected speech.

-14-

45.     Clark County Code 11.04.020 (public nuisance) is inapplicable to street performers.  The use of this code against street performers serves to highlight the fact that Metro and the County are using inapplicable laws to effect a complete ban on street performances along the sidewalks of the Las Vegas Strip.

46.     The Nevada Public Nuisance Statute prohibits acts unlawfully done that "annoy, injure, or endanger the safety, health, comfort, or repose of any considerable number of persons," "offends public decency," or "tends to obstruct" a public street. NRS 202.450(3)(a), (b), (c).   Artistic expression, such as impersonating Elvis, playing guitar, allowing tourists to take your picture, and singing in a public location, does not endanger anyone, nor does it offend public decency. It is obviously being applied to the Plaintiffs in an attempt to quash their free speech activity.

47.     The application, or potential application, of these irrelevant and unconstitutional laws against Plaintiffs, and against street performers in general, also amounts to a violation of their substantive and procedural due process rights.

48.     Furthermore, the application of these laws violates Plaintiffs' right to equal protection under the law for two reasons.  First, other speakers, such as hand-billers and protesters, are allowed to exercise their free speech rights on the Strip without fear of harassment, citation or arrest.  Secondly, it is clear that Metro takes issue with the fact that Plaintiffs receive tips for their performances and is thus differentiating and applying different standards to protected speech based on whether that speech is for-profit or non-profit which is unconstitutional.

////

////

-15-

COMPLAINT

## V.   FIRST CAUSE OF ACTION
### Violation of the First Amendment to the
### United States Constitution under 42 U.S.C. § 1983
### (Free Speech)

49.   Plaintiffs reallege and incorporate by reference each and every allegation contained in the preceding paragraphs as set forth fully herein.

50.   Plaintiffs allege that the enforcement of Clark County Code  6.56.030 (doing business without a license) and the applicable business license requirements of Title 6 of the Clark County Code are unconstitutional as applied to them in violation of their First Amendment rights to freedom of speech and expression.  Plaintiffs make this claim against Clark County, David Roger, Metro, Sheriff Gillespie, and Officer Hanigan (Badge # 3518).

51.   Plaintiffs allege that the enforcement of Clark County Code 12.32.020 (vagrancy) is unconstitutional as applied to them in violation of their First Amendment rights to freedom of speech and expression.  Plaintiffs make this claim against Clark County, David Roger, Metro, Sheriff Gillespie, and Officers Goris (Badge # 7520) and Contreras (Badge # 9316).

52.   Plaintiffs allege that the enforcement of Clark County Code 12.32.020(d) (begging/soliciting alms) is facially unconstitutional in violation of the First Amendment to the U.S. Constitution. Plaintiffs make this claim against Clark County, David Roger, Metro, and Sheriff Gillespie.

53.   Plaintiffs allege that the enforcement of Clark County Code 16.11.020 (obstructing a public sidewalk) is unconstitutional as applied to them in violation of their First Amendment rights to freedom of speech and expression. Plaintiffs make this claim against

-16-

Clark County, David Roger, Metro, Sheriff Gillespie, and Officers Goris (Badge # 7520) and Contreras (Badge # 9316).

54.     Plaintiffs allege that the enforcement of Clark County Code 16.11.070 (storing materials on a public sidewalk) is unconstitutional both facially and as applied to Plaintiffs in violation of the First Amendment.  Plaintiffs make this claim against Clark County, David Roger, Metro, and Sheriff Gillespie.

55.     Plaintiffs allege that the enforcement of Clark County Code 12.33.010 (disorderly conduct) is facially unconstitutional in violation of the First Amendment to the U.S. Constitution. Plaintiffs make this claim against Clark County, David Roger, Metro, and Sheriff Gillespie.

56.     Plaintiffs allege that the enforcement of Clark County Code 11.04.020 (obscene materials) is unconstitutional as applied to them in violation of their First Amendment rights to freedom of speech and expression. Plaintiffs make this claim against Clark County, David Roger, Metro, Sheriff Gillespie, and Officers Hanigan (Badge # 3518).

57.     Plaintiffs allege that Nevada Revised Statute 202.450(3) (public nuisance) is unconstitutional both facially and as applied to them in violation of their First Amendment rights to freedom of speech and expression. Plaintiffs make this claim against Catherine Cortez-Masto, David Roger, Metro, Sheriff Gillespie, and Officer Hanigan (Badge # 3518).

58.     Metro's policy and practice of harassing street performers, including Plaintiffs, violates Plaintiffs' First Amendment rights.

59.     Each of the Plaintiffs has been injured, or reasonably fears imminent injury, by these constitutional violations, and the Plaintiffs are entitled to relief.

-17-

COMPLAINT

## VI.     SECOND CAUSE OF ACTION
### Violation of Nevada Const., Art 1, § 9.
### (Free Speech)

60.     Plaintiffs allege that the enforcement of Clark County Code  6.56.030 (doing business without a license) and the applicable business license requirements of Clark County Code Title 6 are unconstitutional as applied to them in violation of their rights to freedom of speech and expression. Plaintiffs make this claim against Clark County, David Roger, Metro, Sheriff Gillespie, and Officer Hanigan (Badge # 3518).

61.     Plaintiffs allege that the enforcement of Clark County Code 12.32.020 (vagrancy) is unconstitutional as applied to them in violation of their rights to freedom of speech and expression. Plaintiffs make this claim against Clark County, David Roger, Metro, Sheriff Gillespie, and Officers Goris (Badge # 7520) and Contreras (Badge # 9316).

62.     Plaintiffs allege that the enforcement of Clark County Code 12.32.020(d) (begging/soliciting alms) is facially unconstitutional in violation of Article 1, Section 9 of the Nevada Constitution. Plaintiffs make this claim against Clark County, David Roger, Metro, and Sheriff Gillespie.

63.     Plaintiffs allege that the enforcement of Clark County Code 16.11.020 (obstructing a public sidewalk) is unconstitutional as applied to them in violation of their rights to freedom of speech and expression. Plaintiffs make this claim against Clark County, David Roger, Metro, Sheriff Gillespie, and Officers Goris (Badge # 7520) and Contreras (Badge # 9316).

64.     Plaintiffs allege that the enforcement of Clark County Code 16.11.070 (storing materials on a public sidewalk) is unconstitutional both facially and as applied to Plaintiffs in

-18-

violation of Article 1, Section 9 of the Nevada Constitution. Plaintiffs make this claim against Clark County, David Roger, Metro, and Sheriff Gillespie.

65.     Plaintiffs allege that the enforcement of Clark County Code 12.33.010 (disorderly conduct) is facially unconstitutional in violation of Article 1, Section 9 of the Nevada Constitution. Plaintiffs make this claim against Clark County, David Roger, Metro, and Sheriff Gillespie.

66.     Plaintiffs allege that the enforcement of Clark County Code 11.04.020 (obscene materials) is unconstitutional as applied to them in violation of their rights to freedom of speech and expression. Plaintiffs make this claim against Clark County, David Roger, Metro, Sheriff Gillespie, and Officer Hanigan (Badge # 3518).

67.     Plaintiffs allege that Nevada Revised Statute 202.450(3) (public nuisance) is unconstitutional both facially and as applied to them in violation of Article 1, Section 9 of the Nevada Constitution. Plaintiffs make this claim against Catherine Cortez-Masto, David Roger, Metro, Sheriff Gillespie, and Officer Hanigan (Badge # 3518).

68.     Metro's policy and practice of harassing street performers, including Plaintiffs, violates Plaintiffs' free speech rights as guaranteed by the Nevada Constitution.

69.     Each of the Plaintiffs has been injured, or reasonably fears imminent injury, by each of these constitutional violations, and the Plaintiffs are entitled to relief.

## VII.    THIRD CAUSE OF ACTION
### Violation of the Fourteenth Amendment to the United States Constitution under 42 U.S.C. § 1983
#### (Substantive Due Process)

70.     Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs as set forth fully herein.

-19-

COMPLAINT

71.      Plaintiffs allege that the enforcement of Clark County Code  6.56.030 (doing business without a license) and the applicable business license requirements of Clark County Code Title 6 are unconstitutional as applied to them in violation of their Fourteenth Amendment rights to due process of law. Plaintiffs make this claim against Clark County, David Roger, Metro, Sheriff Gillespie, and Officer Hanigan (Badge # 3518).

72.      Plaintiffs allege that the enforcement of Clark County Code 12.32.020 (vagrancy) is unconstitutional as applied to them in violation of their Fourteenth Amendment rights to due process of law. Plaintiffs make this claim against Clark County, David Roger, Metro, Sheriff Gillespie, and Officers Goris (Badge # 7520) and Contreras (Badge # 9316).

73.      Plaintiffs allege that the enforcement of Clark County Code 12.32.020(d) (begging/soliciting alms) is facially unconstitutional in violation of the Fourteenth Amendment to the U.S. Constitution. Plaintiffs make this claim against Clark County, David Roger, Metro, and Sheriff Gillespie.

74.      Plaintiffs allege that the enforcement of Clark County Code 16.11.020 (obstructing a public sidewalk) is unconstitutional as applied to them in violation of their Fourteenth Amendment rights to due process of law. Plaintiffs make this claim against Clark County, David Roger, Metro, Sheriff Gillespie, and Officers Goris (Badge # 7520) and Contreras (Badge # 9316).

75.      Plaintiffs allege that the enforcement of Clark County Code 16.11.070 (storing materials on a public sidewalk) is unconstitutional both facially and as applied to plaintiffs in violation of the Fourteenth Amendment. Plaintiffs make this claim against Clark County, and David Roger.

-20-

76.     Plaintiffs allege that the enforcement of Clark County Code 12.33.010 (disorderly conduct) is facially unconstitutional in violation of the Fourteenth Amendment to the U.S. Constitution. Plaintiffs make this claim against Clark County, David Roger, Metro, and Sheriff Gillespie.

77.     Plaintiffs allege that the enforcement of Clark County Code 11.04.020 (obscene materials) is unconstitutional as applied to them in violation of their Fourteenth Amendment rights to due process of law. Plaintiffs make this claim against Clark County, David Roger, Metro, Sheriff Gillespie, and Officers Hanigan (Badge # 3518).

78.     Plaintiffs allege that Nevada Revised Statute 202.450(3) (public nuisance) is unconstitutional both facially and as applied to them in violation of their Fourteenth Amendment rights to due process of law. Plaintiffs make this claim against Catherine Cortez-Masto, David Roger, Metro, Sheriff Gillespie, and Officer Hanigan (Badge # 3518).

79.     Each of the Plaintiffs has been injured, or reasonably fears imminent injury, by these constitutional violations, and the Plaintiffs are entitled to relief.

## VIII.   FOURTH CAUSE OF ACTION
### Violation of Nevada Const., Art. 1, § 8
### (Substantive Due Process)

80.     Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs as set forth fully herein.

81.     Plaintiffs allege that the enforcement of Clark County Code  6.56.030 (doing business without a license) and the applicable business license requirements of Clark County Code Title 6 are unconstitutional as applied to them in violation of their rights to due process of law under article 1, section 8 of the Nevada Constitution. Plaintiffs make this claim against Clark County, David Roger, Metro, Sheriff Gillespie, and Officer Hanigan (Badge # 3518).

-21-

82.    Plaintiffs allege that the enforcement of Clark County Code 12.32.020 (vagrancy) is unconstitutional as applied to them in violation of Article 1, Section 8 of the Nevada Constitution.  Plaintiffs make this claim against Clark County, David Roger, Metro, Sheriff Gillespie, and Officers Goris (Badge # 7520) and Contreras (Badge # 9316).

83.    Plaintiffs allege that the enforcement of Clark County Code 12.32.020(d) (begging/soliciting alms) is facially unconstitutional in violation of Article 1, Section 8 of the Nevada Constitution.  Plaintiffs make this claim against Clark County, David Roger, Metro, and Sheriff Gillespie.

84.    Plaintiffs allege that the enforcement of Clark County Code 16.11.020 (obstructing a public sidewalk) is unconstitutional as applied to them in violation of Article 1, Section 8 of the Nevada Constitution.  Plaintiffs make this claim against Clark County, David Roger, Metro, Sheriff Gillespie, and Officers Goris (Badge # 7520) and Contreras (Badge # 9316)..

85.    Plaintiffs allege that the enforcement of Clark County Code 16.11.070 (storing materials on a public sidewalk) is unconstitutional both facially and as applied to Plaintiffs in violation of Article 1, Section 8 of the Nevada Constitution.  Plaintiffs make this claim against Clark County, David Roger, Metro, and Sheriff Gillespie.

86.    Plaintiffs allege that the enforcement of Clark County Code 12.33.010 (disorderly conduct) is facially unconstitutional in violation Article 1, Section 8 of the Nevada Constitution.  Plaintiffs make this claim against Clark County, David Roger, Metro, and Sheriff Gillespie.

87.    Plaintiffs allege that the enforcement of Clark County Code 11.04.020 (obscene materials) is unconstitutional as applied to them in violation of Article 1, Section 8 of the

Nevada Constitution. Plaintiffs make this claim against Clark County, David Roger, Metro, Sheriff Gillespie, and Officer Hanigan (Badge # 3518).

88. Plaintiffs allege that NRS 202.450(3) (public nuisance) is unconstitutional both facially and as applied to them in violation of Article 1, Section 8 of the Nevada Constitution. Plaintiffs make this claim against Catherine Cortez-Masto, David Roger, Metro, Sheriff Gillespie, and Officer Hanigan (Badge # 3518).

89. Each of the Plaintiffs has been injured, or reasonably fears imminent injury, by these constitutional violations, and the Plaintiffs are entitled to relief.

### IX. FIFTH CAUSE OF ACTION
#### Violation of the Fourteenth Amendment to the United States Constitution under 42 U.S.C. § 1983
#### (Procedural Due Process)

90. Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs as set forth fully herein.

91. Plaintiffs allege that the enforcement of Clark County Code 6.56.030 (doing business without a license) and the applicable business license requirements of Clark County Code Title 6 are unconstitutional as applied to them in violation of their Fourteenth Amendment rights to due process of law. Plaintiffs make this claim against Clark County, David Roger, Metro, Sheriff Gillespie, and Officers Hanigan (Badge # 3518).

92. Plaintiffs allege that the enforcement of Clark County Code 12.32.020 (vagrancy) is unconstitutional as applied to them in violation of their Fourteenth Amendment rights to due process of law. Plaintiffs make this claim against Clark County, David Roger, Metro, Sheriff Gillespie, and Officers Goris (Badge # 7520) and Contreras (Badge # 9316).

-23-

93.     Plaintiffs allege that the enforcement of Clark County Code 12.32.020(d) (begging/soliciting alms) is facially unconstitutional in violation of the Fourteenth Amendment to the U.S. Constitution.  Plaintiffs make this claim against Clark County, David Roger, Metro, and Sheriff Gillespie.

94.     Plaintiffs allege that the enforcement of Clark County Code 16.11.020 (obstructing a public sidewalk) is unconstitutional as applied to them in violation of their Fourteenth Amendment rights to due process of law.  Plaintiffs make this claim against Clark County, David Roger, Metro, Sheriff Gillespie, and Officers Goris (Badge # 7520) and Contreras (Badge # 9316).

95.     Plaintiffs allege that the enforcement of Clark County Code 16.11.070 (storing materials on a public sidewalk) is unconstitutional both facially and as applied to Plaintiffs in violation of the Fourteenth Amendment.  Plaintiffs make this claim against Clark County, David Roger, Metro, and Sheriff Gillespie.

96.     Plaintiffs allege that the enforcement of Clark County Code 12.33.010 (disorderly conduct) is facially unconstitutional in violation of the Fourteenth Amendment to the U.S. Constitution. Plaintiffs make this claim against Clark County, David Roger, Metro, and Sheriff Gillespie.

97.     Plaintiffs allege that the enforcement of Clark County Code 11.04.020 (obscene materials) is unconstitutional as applied to them in violation of their Fourteenth Amendment rights to due process of law.  Plaintiffs make this claim against Clark County, David Roger, Metro, Sheriff Gillespie, and Officer Hanigan (Badge # 3518).

98.     Plaintiffs allege that NRS 202.450(3) (public nuisance) is unconstitutional both facially and as applied to them in violation of their Fourteenth Amendment rights to due process

-24-

of law.  Plaintiffs make this claim against Catherine Cortez-Masto, David Roger, Metro, Sheriff Gillespie, and Officer Hanigan (Badge # 3518).

99.     Each of the Plaintiffs has been injured, or reasonably fears imminent injury, by these constitutional violations, and the Plaintiffs are entitled to relief.

## X.     SIXTH CAUSE OF ACTION
### Violation of Nevada Const., Art. 1, § 8
### (Procedural Due Process)

100.     Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs as set forth fully herein.

101.     Plaintiffs allege that the enforcement of Clark County Code 6.56.030 (doing business without a license) and the applicable business license requirements of Clark County Code Title 6 are unconstitutional as applied to them in violation of their rights to due process of law under article 1, section 8 of the Nevada Constitution.  Plaintiffs make this claim against Clark County, David Roger, Metro, Sheriff Gillespie, and Officer Hanigan (Badge # 3518).

102.     Plaintiffs allege that the enforcement of Clark County Code 12.32.020 (vagrancy) is unconstitutional as applied to them in violation of Article 1, Section 8 of the Nevada Constitution.  Plaintiffs make this claim against Clark County, David Roger, Metro, Sheriff Gillespie, and Officers Goris (Badge # 7520) and Contreras (Badge # 9316).

103.     Plaintiffs allege that the enforcement of Clark County Code 12.32.020(d) (begging/soliciting alms) is facially unconstitutional in violation of Article 1, Section 8 of the Nevada Constitution.  Plaintiffs make this claim against Clark County, David Roger, Metro, and Sheriff Gillespie.

-25-

104.    Plaintiffs allege that the enforcement of Clark County Code 16.11.020 (obstructing a public sidewalk) is unconstitutional as applied to them in violation of Article 1, Section 8 of the Nevada Constitution.  Plaintiffs make this claim against Clark County, David Roger, Metro, Sheriff Gillespie, and Officers Goris (Badge # 7520) and Contreras (Badge # 9316).

105.    Plaintiffs allege that the enforcement of Clark County Code 16.11.070 (storing materials on a public sidewalk) is unconstitutional both facially and as applied to Plaintiffs in violation of Article 1, Section 8 of the Nevada Constitution.  Plaintiffs make this claim against Clark County, David Roger, Metro, and Sheriff Gillespie.

106.    Plaintiffs allege that the enforcement of Clark County Code 12.33.010 (disorderly conduct) is facially unconstitutional in violation of Article 1, Section 8 of the Nevada Constitution.  Plaintiffs make this claim against Clark County, David Roger, Metro, and Sheriff Gillespie.

107.    Plaintiffs allege that the enforcement of Clark County Code 11.04.020 (obscene materials) is unconstitutional as applied to them in violation of Article 1, Section 8 of the Nevada Constitution.  Plaintiffs make this claim against Clark County, David Roger, Metro, Sheriff Gillespie, and Officer Hanigan (Badge # 3518).

108.    Plaintiffs allege that Nevada Revised Statute 202.450(3) (public nuisance) is unconstitutional both facially and as applied to them in violation of Article 1, Section 8 of the Nevada Constitution. Plaintiffs make this claim against Catherine Cortez-Masto, David Roger, Metro, Sheriff Gillespie, and Officer Hanigan (Badge # 3518).

109.    Each of the Plaintiffs has been injured, or reasonably fears imminent injury, by these constitutional violations, and the Plaintiffs are entitled to relief.

-26-

## XI.    SEVENTH CAUSE OF ACTION
### Violation of NRS 207.030(d)

110.    Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs as set forth fully herein.

111.    Clark County Code 12.32.020(d) (begging/soliciting alms) is unlawful under Nevada law because it violates Nevada Revised Statute 207.030(4).  Nevada Revised Statute 207.030(4) permits Clark County to place constitutional time, place and manner restrictions on begging or soliciting alms; however, Clark County had exceeded its authority by attempting to enforce a complete ban on such activity by applying 12.32.020(d) to prohibit all forms of street performing.

## XII.    EIGHT CAUSE OF ACTION
### Violation of the Fourteenth Amendment to the
### United States Constitution under 42 U.S.C. § 1983
### (Equal Protection)

112.    Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs as set forth fully herein.

113.    Plaintiffs allege that the enforcement of Clark County Code 6.56.030 (doing business without a license) and the applicable business license requirements of Clark County Code Title 6 are unconstitutional as applied to them in violation of their Fourteenth Amendment rights to equal protection under the law.  Plaintiffs make this claim against Clark County, David Roger, Metro, Sheriff Gillespie, and Officer Hanigan (Badge # 3518).

114.    Plaintiffs allege that the enforcement of Clark County Code 12.32.020 (vagrancy) is unconstitutional as applied to them in violation of their Fourteenth Amendment rights to equal protection under the law.  Plaintiffs make this claim against Clark County, David

-27-

Roger, Metro, Sheriff Gillespie, and Officers Goris (Badge # 7520) and Contreras (Badge # 9316).

115.    Plaintiffs allege that the enforcement of Clark County Code 12.32.020(d) (begging/soliciting alms) is facially unconstitutional in violation of the Fourteenth Amendment to the U.S. Constitution.  Plaintiffs make this claim against Clark County, David Roger, Metro, and Sheriff Gillespie.

116.    Plaintiffs allege that the enforcement of Clark County Code 16.11.020 (obstructing a public sidewalk) is unconstitutional as applied to them in violation of their Fourteenth Amendment rights to equal protection under the law.  Plaintiffs make this claim against Clark County, David Roger, Metro, Sheriff Gillespie, and Officers Goris (Badge # 7520) and Contreras (Badge # 9316).

117.    Plaintiffs allege that the enforcement of Clark County Code 16.11.070 (storing materials on a public sidewalk) is unconstitutional both facially and as applied to Plaintiffs in violation of the Fourteenth Amendment.  Plaintiffs make this claim against Clark County, David Roger, Metro, and Sheriff Gillespie.

118.    Plaintiffs allege that the enforcement of Clark County Code 12.33.010 (disorderly conduct) is facially unconstitutional in violation of the Fourteenth Amendment to the U.S. Constitution.  Plaintiffs make this claim against Clark County, David Roger, Metro, and Sheriff Gillespie.

119.    Plaintiffs allege that the enforcement of Clark County Code 11.04.020 (obscene materials) is unconstitutional as applied to them in violation of their Fourteenth Amendment rights to equal protection under the law.  Plaintiffs make this claim against Clark County, David Roger, Metro, Sheriff Gillespie, and Officer Hanigan (Badge # 3518).

-28-

120.     Plaintiffs allege that Nevada Revised Statute 202.450(3) (public nuisance) is unconstitutional both facially and as applied to them in violation of their Fourteenth Amendment rights to equal protection under the law.  Plaintiffs make this claim against Catherine Cortez-Masto, David Roger, Metro, Sheriff Gillespie, and Officer Hanigan (Badge # 3518).

121.     Metro's policy and practice of harassing street performers, including Plaintiffs, violates Plaintiffs' rights to Equal Protection of the law because other speakers, such as hand-billers and protesters, are allowed to exercise their free speech rights on the Strip without fear of harassment, citation or arrest, and because Metro treats street performers differently based on whether or not they accept tips.

122.     Each of the Plaintiffs has been injured, or reasonably fears imminent injury, by these constitutional violations, and the Plaintiffs are entitled to relief.

### XIII.   NINTH CAUSE OF ACTION
### Violation of Nevada
### Const., Art. 1, § 1
### (Equal Protection)

123.     Plaintiffs incorporate by reference each and every allegation contained in the preceding paragraphs as set forth fully herein.

124.     Plaintiffs allege that the enforcement of Clark County Code  6.56.030 (doing business without a license) and the applicable business license requirements of Clark County Code Title 6 are unconstitutional as applied to them in violation of their rights to due process of law under Article 1, Section 8 of the Nevada Constitution.  Plaintiffs make this claim against Clark County, David Roger, Metro, Sheriff Gillespie, and Officers Hanigan (Badge # 3518).

COMPLAINT

125.   Plaintiffs allege that the enforcement of Clark County Code 12.32.020 (vagrancy) is unconstitutional as applied to them in violation of Article 1, Section 8 of the Nevada Constitution.  Plaintiffs make this claim against Clark County, David Roger, Metro, Sheriff Gillespie, and Officers Goris (Badge # 7520) and Contreras (Badge # 9316).

126.   Plaintiffs allege that the enforcement of Clark County Code 12.32.020(d) (begging/soliciting alms) is facially unconstitutional in violation of Article 1, Section 8 of the Nevada Constitution.  Plaintiffs make this claim against Clark County, David Roger, Metro, and Sheriff Gillespie.

127.   Plaintiffs allege that the enforcement of Clark County Code 16.11.020 (obstructing a public sidewalk) is unconstitutional as applied to them in violation of Article 1, Section 8 of the Nevada Constitution.  Plaintiffs make this claim against Clark County, David Roger, Metro, Sheriff Gillespie, and Officers Goris (Badge # 7520) and Contreras (Badge # 9316)..

128.   Plaintiffs allege that the enforcement of Clark County Code 16.11.070 (storing materials on a public sidewalk) is unconstitutional both facially and as applied to Plaintiffs in violation of Article 1, Section 8 of the Nevada Constitution.  Plaintiffs make this claim against Clark County, David Roger, Metro, and Sheriff Gillespie.

129.   Plaintiffs allege that the enforcement of Clark County Code 12.33.010 (disorderly conduct) is facially unconstitutional in violation Article 1, Section 8 of the Nevada Constitution.  Plaintiffs make this claim against Clark County, David Roger, Metro, and Sheriff Gillespie.

130.   Plaintiffs allege that the enforcement of Clark County Code 11.04.020 (obscene materials) is unconstitutional as applied to them in violation of Article 1, Section 8 of the

-30-

COMPLAINT

Nevada Constitution.  Plaintiffs make this claim against Clark County, David Roger, Metro, Sheriff Gillespie, and Officer Hanigan (Badge # 3518).

131.    Plaintiffs that Nevada Revised Statute 202.450(3) (public nuisance) is unconstitutional both facially and as applied to them in violation of Article 1, Section 8 of the Nevada Constitution.  Plaintiffs make this claim against Catherine Cortez-Masto, David Roger, Metro, Sheriff Gillespie, and Officer Hanigan (Badge # 3518).

132.    Metro's policy and practice of harassing street performers, including Plaintiffs, violates Plaintiffs' rights to Equal Protection of the law because other speakers, such as hand-billers and protesters, are allowed to exercise their free speech rights on the Strip without fear of harassment, citation or arrest, and because Metro treats street performers differently based on whether or not they accept tips.

133.    Each of the Plaintiffs has been injured, or reasonably fears imminent injury, by these constitutional violations, and the Plaintiffs are entitled to relief.

## XIV.    PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs seek judgment as follows:

a.    A declaration that, as applied to Plaintiffs, Clark County Code 6.56.030 (doing business without a license) and the relevant business license requirements of Clark County Code Title 6; Clark County Code  12.32.020 (vagrancy); Clark County Code 16.11.020 (obstructing a public sidewalk); Clark County Code 16.11.070 (storing materials on a public sidewalk); Clark County Code 11.04.020 (obscene materials); and NRS 202.450(3) (public nuisance) violate the First and Fourteenth Amendments of the U.S. Constitution and Article 1, Sections 1, 8, and 9 of the Nevada Constitution;

-31-

b.   A declaration that Clark County Code 12.32.020(d) (begging/soliciting alms); Clark County Code 16.11.070 (storing materials on a public sidewalk); Clark County Code 12.33.010 (disorderly conduct); and Nevada Revised Statute 202.450(3) (public nuisance) facially violate the First and Fourteenth Amendments of the U.S. Constitution and Article 1, Sections 1, 8, and 9 of the Nevada Constitution;

c.   A declaration that Clark County Code  12.32.020(d) (begging/soliciting alms) is unlawful under NRS 207.030(4);

d.   A preliminary and permanent injunction enjoining each defendant from enforcing the above challenged laws against street performers;

e.   A preliminary and permanent injunction enjoining each defendant from interfering with Plaintiffs' right to lawfully engage in constitutionally-protected expression and activity within the unincorporated part of Clark County, specifically on the sidewalks of the Las Vegas Strip;

f.   Damages in an amount to be determined at trial;

g.   An award of attorney's fees and expenses under 42 U.S.C. § 1988; and

h.   Any further relief the Court deems appropriate.

## XV.   DEMAND FOR JURY TRIAL

Plaintiffs demand a trial by jury on all causes of action.

Respectfully submitted, this 9th day of July, 2009,

By:   /s/ *Judy C. Cox*_____
Judy C. Cox
Nevada Bar No. 11093
**ACLU OF NEVADA**
732 S. Sixth Street, Suite 200A
Las Vegas, NV 89101
(702) 366-9055
*Attorneys for Plaintiffs*

-32-