ALLEN LICHTENSTEIN, NV BAR 03992
MARGARET A. MCLETCHIE, NV BAR 10931
LEE B. ROWLAND, NV BAR 10209
JUDY C. COX, NV BAR 11093
AMERICAN CIVIL LIBERTIES UNION OF NEVADA
732 S. 6th St. Suite 200A
Las Vegas, NV 89101
Telephone 702-366-1536
Facsimile 702-366-1331

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| Suzette Banasik, and William Jablonski,<br><br>　　　　　Plaintiffs,<br>　v.<br><br>Clark County, Nevada; David Roger (in his official capacity as District Attorney for Clark County); Las Vegas Metropolitan Police Department; Sheriff Douglas Gillespie (individually and in his official capacity as Sheriff of the Las Vegas Metropolitan Police Department); Captain Charles Hank (individually and in his official capacity as Bureau Commander for the Convention Center Area Command); Las Vegas Metropolitan Police Department Officers Contreras (Badge 9316), Goris (Badge 7520), Flannigan (Badge 3510), Anderson (Badge 6196); and (in their individual capacities); and Catherine Cortez Masto (in her official capacity as Attorney General of Nevada).<br><br>　　　　　Defendants. | Case No. 2:09-cv-1242<br><br>**INTERIM STIPULATED MEMORANDUM OF UNDERSTANDING** |

**Interim Stipulated Memorandum of Understanding**

The above named parties, by and through their attorneys of record, having met on September 22, 2009 to discuss an interim stipulated agreement and the possibility of settlement, as required by Rule 26 of the Federal Rules of Civil Procedure, have come to the following agreement.

**I.** Without admitting or denying any claims stated in Plaintiffs' Amended Complaint and

without admitting fault or waiving any claims, counterclaims, defenses, or arguments, the parties agree that:

1. The sidewalks and pedestrian bridges along Las Vegas Boulevard ("the Strip") constitute a traditional public forum for First Amendment purposes.  See *Venetian Casino Resort, L.L.C. v. Local Joint Executive Bd. of Las Vegas,* 257 F.3d 937, 943 (9th Cir. 2001).

2. A "street performer" is a member of the general public who engages in any performing art or the playing of any musical instrument, singing or vocalizing, with or without musical accompaniment, and whose performance is not an official part of a sponsored event.  *See e.g., Berger v. City of Seattle et. al.*, 569 F.3d 1029, 1036 (9th Cir. 2009). "Street performing" is the act of engaging in performing art or the playing of any musical instrument, singing or vocalizing, with or without musical accompaniment.

3. The Ninth Circuit Court of Appeals has determined that street performing is expressive speech or expressive conduct protected under the First Amendment.  *See Berger v. City of Seattle et. al.*, 569 F.3d 1029 (9th Cir. 2009).

4. Street performing, including the acceptance of unsolicited tips and the non-coercive solicitation of tips, is not a *per se* violation of any of the codes or statutes being challenged in this action.

5. Street performers who are legitimately in violation of a county code, state statute, or other law of general applicability are not immune from prosecution simply because they are street performers.

6. The entirety of Chapter 6 of the Clark County Code, the business licensing codes, as written, is inapplicable to the act of street performing.

7. Counsel for Defendant Clark County will propose amendments to the challenged County codes as detailed below for consideration by the County Commission.

8. By stipulating to this Memorandum of Understanding both parties have avoided actual argument on the probability of success or failure of the merits of Plaintiffs' claims and Defendants' defenses, thereby conserving judicial time and effort.

**II.** Based on the forgoing, the parties hereby stipulate that:

1. During the pendency of litigation in this action, counsel for Clark County and counsel for the ACLU of Nevada will pursue possible amendments, revisions, or notations to the following Clark County Codes:

    a. Clark County Code 11.04.020 (public nuisance/obscenity).

    b. Clark County Code 12.32.020(d) (begging/soliciting alms).

    c. Clark County Code 12.33.010(c) (disorderly conduct).

    d. Clark County Code 16.11.070 (storing material on a public sidewalk).

2. During the pendency of litigation in this action, Counsel for Clark County and DA David Roger agree to forebear prosecution against people for engaging in street performing..

3. During the pendency of litigation in this action, counsel for the Attorney General's Office agrees that the activity of street performing is not a per se violation of N.R.S. 202.450(3) and that the state will forebear enforcement of N.R.S. 202.450(3) against street performers.

4. During the pendency of litigation in this action, given that the parties are negotiating possible amendments to the provisions, the Las Vegas Metropolitan Police Department, including the Sheriff and all officers, agrees that it shall not issue a citation to, or effect an arrest of, a person solely based upon the person(s) being a "street performer" or engaged in "street performing"(as defined in Sec. I, ¶ 2 of this Agreement) or to otherwise criminalize "street performing," including issuing citations and/or arresting persons for the following codes and/or statutes solely for engaging in street performing

and/or being street performers:

   a. Clark County Code 11.04.020 (public nuisance/obscenities).

   b. Clark County Code 12.32.020(d) (begging/soliciting alms).

   c. Clark County Code 12.33.010(c) (disorderly conduct).

   d. Clark County Code 16.11.020 (obstructing a public sidewalk).

   e. Clark County Code 16.11.070 (storing materials on a public sidewalk).

   f. Nevada Revised Statute 202.450(3) (public nuisance).

   g. Clark County Code Chapter 6 (business licenses).

5. All parties understand that street performers who are legitimately in violation of a County code, State statute, or other law of general applicability for criminal conduct are not immune from prosecution simply because they are street performers and paragraph 4 *surpa* does not limit LVMPD or any of its officers from properly enforcing Codes, statutes and/or governing laws for people who actually violate said laws, by actions other than simply being a street performer. However, the act of street performing in and of itself does not constitute a violation of any code or statute. Thus, for example, street performers cannot be required to obtain a business license to perform in public spaces, even if people give them unsolicited tips. Furthermore, temporarily setting an item next to the street performer, while s/he is performing, is not a *per se* violation of Clark County Code 16.11.070 (storing materials on a public sidewalk). However, a street performer who causes an actual obstruction of the sidewalk, as defined in Clark County Code 16.11.020(e)(1), may be cited, detained and/or arrested for obstructing.

6. In the event that any party believes that another party has failed to comply with the terms of this Stipulation, the complaining party shall inform the other party in writing of the specific grounds upon which non-compliance is alleged. Such written notification shall

include a statement of fact sufficient to identify the unintended result or ambiguous interpretation.  Upon receipt of said notice, the parties shall have 10 days to make a good faith effort to meet, either in person or via telephone, to negotiate a resolution to the problem.  If the parties cannot reach an agreement within 7 days of the aforementioned meeting, the issue may then be submitted to the Court.

7. This Interim Memorandum, along with any exhibits, appendices, addendums, and amendments hereto, encompasses the entire agreement of the parties as it relates to the Interim Memorandum, and supersedes all previous understandings and agreements between the parties, whether oral or written. The parties hereby acknowledge and represent, that said parties have not relied on any representation, assertion, guarantee, warranty, collateral contract or other assurance, except those set out in this Interim Memorandum, made by or on behalf of any other party or any other person or entity whatsoever, prior to the execution of this Interim Memorandum.  This Interim Memorandum may only be amended by a written document duly executed by all parties.

8. It is the intention of the parties that, pursuant to the amendments of the above-referenced Clark County Codes, in a form agreeable to all parties, that the parties shall enter into a permanent agreement resolving all causes of action set forth in Plaintiffs' Complaint with each party to bear its own attorney fees and costs.

9. This Memorandum shall remain in effect during the time the proposed amendments to the aforementioned Codes are being drafted, discussed, and revised, presented to the County Commission, and until such time as the County Commission approves the proposed revisions to the Code(s).  In the event the Code(s) are not approved by the County Commission within 120 days, and the parties continue, in good faith, to draft and discuss revisions to the Code(s) this Memorandum will automatically renew for a period of 60

days or until such time as the parties reach a final agreement or, alternatively, terminate efforts to present revised Code(s) to the County Commission.

Dated this 27th day of January, 2010

_____/s/_____
Allen Lichtenstein
Nevada Bar No. 3992
Margaret A. McLetchie
Nevada Bar No. 10931
Lee B. Rowland
Nevada Bar No. 10209
Judy Carol Cox
Nevada Bar No. 11093
ACLU OF NEVADA
732 South Sixth Street, Ste 200A
Las Vegas, NV 89101
Telephone (702) 366-1902
Fax (702) 366- 1331
*Attorneys for Plaintiffs*

_____/s/_____
Nick D. Crosby
Nevada Bar No. 8996
10001 Park Run Drive
Las Vegas, NV 89145
Telephone (702) 382-0711
Fax (702) 382-5816
ncrosby@marquisaurbach.com
*Attorneys for LVMPD defendants*

_____/s/_____
Robert Gower
Nevada Bar No. 1868
500 S.Grand Central Parkway
Las Vegas, NV 89106
Telephone (702) 455-4761
Fax (702)382-5178
Robert.Gower@ccdanv.com
*Attorney for Clark County, Nevada and District Attorney David Roger.*

_____/s/_____
CATHERINE CORTEZ MASTO
Attorney General
C. WAYNE HOWLE
Solicitor General
Nevada Bar No. 3443
100 N. Carson Street
Carson City, Nevada 89701
Telephone 775-684-1227
Facsimile 775-684-1108
*Attorneys for Catherine Cortez Masto*

**IT IS SO ORDERED:**

_____
UNITED STATES DISTRICT COURT JUDGE

Dated: 3 Feb 2010